<div align="center">

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

</div>

DONALD H. STECKROTH (973) 645-4693
BANKRUPTCY JUDGE Fax: (973) 645-2606

**NOT FOR PUBLICATION**

<div style="border:1px solid;">

**FILED**
JAMES J. WALDRON, CLERK

**SEPT. 27, 2006**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

</div>

September 27, 2006

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Raymond and Raymond
Herbert B. Raymond, Esq.
7 Glenwood Avenue
4th Floor
East Orange, New Jersey 07017
***Counsel to the Debtor Jennifer Dunklin***

Blank Rome LLP
Stephen M. Orlofsky, Esq.
Woodland Falls Corporate Park
210 Lake Drive East
Suite 200
Cherry Hill, New Jersey 08002
***Counsel to National City Mortgage Company***

Marie-Ann Greenberg, Esq.
30 Two Bridges Road
Suite 230
Fairfield, New Jersey 07004
***Chapter 13 Standing Trustee***

Page 2
September 27, 2006

**Re:**   *In re Jennifer Dunklin*
<u>**Case No. 04-41631 (DHS)**</u>

Dear Counsel:

Before the Court is a motion filed by the Debtor, Jennifer Dunklin (hereinafter "Debtor"), objecting to the proof of claim filed by National City Mortgage Company ("National City") and requesting an accounting of the amount owed by the Debtor to National City. National City filed an objection to the motion, and Marie-Ann Greenberg, the Chapter 13 Standing Trustee, filed pleadings in support of the Debtor's motion. For the following reasons, the Debtor's motion is hereby denied in part and granted in part.

This Court has jurisdiction under 28 U.S.C. §§ 1334(b), 151, and 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper under 28 U.S.C. § 1408(a). The following shall constitute the Court's findings of fact and conclusions of law, in accordance with Federal Rule of Bankruptcy Procedure 7052.

**I.    Procedural History and Statement of Facts**

On October 4, 2004, the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. On April 19, 2005, the Debtor filed a modified Chapter 13 Plan ("Plan") that was confirmed by this Court on May 31, 2005. Pursuant to the Plan, the Debtor was required to sell or refinance her residence located at 137 Marion Drive, West Orange, New Jersey ("Property") within twenty-four (24) months of confirmation. According to the Debtor's schedules, the Property has a value of $350,000.00, subject to a mortgage in the approximate amount of $155,000.00 in favor of National City. The Debtor's

Page 3
September 27, 2006

schedules also reflect that the Property is subject to a statutory lien for association dues and a secured claim for water and sewer charges owed to the Township of West Orange. Pursuant to the Plan, unsecured creditors are to be paid in full from the sale or refinancing of the Property.

On November 29, 2004, National City, through its national counsel, McCalla, Raymer, Padrick, Nichols & Clark, LLC ("McCalla Raymer"), filed a proof of claim asserting a secured claim in the amount of $159,345.83 ("Claim"). McCalla Raymer is a law firm based in Atlanta, Georgia, specializing in representing mortgage lenders in bankruptcy proceedings on a national scale. (*Declaration of John Schlotter in Support of Response by National City to Motion for Accounting and Objection to Proof of Claim*, ¶ 1). McCalla Raymer is not authorized to practice law in the state of New Jersey. The itemization attached to the Claim as Exhibit "A" lists arrears in the amount of $9,779.93 for six months of pre-petition payments, unpaid late charges, inspection fees, and costs related to foreclosure. The Claim also includes $350.00 for pre-confirmation bankruptcy fees relating to post-petition services. The post-petition fee was not authorized by this Court. The Claim further states as follows: "[i]f additional fees and costs are incurred after this proof of claim is filed, your account will be assessed those fees and costs if legally permissible in the opinion of the lender." The actions of McCalla Raymer in this case and the post-petition fee form the basis for the motion before the Court.

On July 4, 2005, the Debtor filed the instant motion objecting to National City's Claim, asserting that the post-petition bankruptcy fees included in the Claim are not allowable and should be reduced or eliminated pursuant to Section 506 of the Bankruptcy Code. The Debtor's motion also requests that an accounting be provided as to the exact nature of the $350.00 fee listed on National City's Claim. The Debtor asserts that

Page 4
September 27, 2006

a charge for a post-petition bankruptcy "fee" must be authorized by the Court and is contrary to the American Rule, which states that parties must bear their own litigation costs. The Debtor further charges that McCalla Raymer engaged in the unauthorized practice of law in New Jersey by filing the Claim on behalf of National City. The Debtor submits as follows:

> Interestingly, it does not appear as though any local counsel performed services for National City in this bankruptcy case. Instead, their national counsel, a firm that is not licensed to practice law in New Jersey, filed and prepared this proof of claim on behalf of National City. The outside or national firm even set forth on the claim, for the convenience of all, a breakdown as to the makeup of this "bankruptcy fee." It is obvious from the description that the services being performed are clearly in the nature of legal services relating to a transaction that took place in New Jersey, which is prohibited conduct violating the prescription against the unauthorized practice of law. Not to mention the fact, that, there is simply no basis for the bankruptcy fee. First of all, it is a fee for which National City has charged the Debtor relating to post-petition services for which it would have to make request to the Court. Second, under the American Rule, each party must bear its own legal fees. Finally, . . . pursuant to Section 506 of the Code, such a charge is simply unreasonable. On top of this, in this situation, how can it be said that it is reasonable for an [sic] national firm, that has no special knowledge of bankruptcy law in this state, be entitled to a fee for this service. And again, this practice seems to be either the unauthorized practice of law or dangerously close to that line.

(*Debtor's Counsel's Certification in Support of Motion Objecting to National City Mortgage Company's Proof of Claim and Request for Accounting*, ¶ 6).

In response to the Debtor's motion, National City filed an amended claim on August 18, 2005 ("Amended Claim"), withdrawing the request for the $350.00 fee as part of its secured claim. National City also filed an objection claiming that the Debtor's motion has been effectively rendered moot and should be

Page 5
September 27, 2006

overruled.[1]  National City also included with its objection a certification of Julia Jordan, a loan analyst for National City, which itemizes the foreclosure fees and costs associated with the Debtor's mortgage.  Finally, National City asserts that the preparation and filing of a proof of claim, and a request for services of notices is permitted by the Bankruptcy Rules and does not constitute the unauthorized practice of law in New Jersey.

The Chapter 13 Trustee submitted a letter to the Court with respect to the Debtor's motion that provided in part as follows:

> While the filing of a claim may be considered to be an administrative function which can be handled by non-attorneys on behalf of a creditor, the request for fees cannot be similarly categorized.  A review of the docket does not reveal any order granting fees to National City post-petition.  The fees are categorized on the claim itself as 'attorney review,' preparation of claim and notice of appearance, loss mitigation solicitation, review of plan and notice of claim to parties.  A breakdown and support for these alleged fees is warranted.  A breakdown of what is chargeable as a potential legal fee and what is merely a ministerial act is also needed, although, it is again noted that no such fees were approved by this Court in relation to the case.  An analysis as to the components of the actual fees, the propriety of the fees and then the right of the agent, which does not appear to be a licensed New Jersey attorney, to collect the fees must be undertaken.

The Chapter 13 Trustee subsequently filed a reply brief asserting the fact that McCalla Raymer has filed similar claims in this District in numerous other bankruptcy cases and thus contended it would be appropriate for the Court to request or order a list of such cases so as to evaluate the ability of McCalla Raymer to charge these fees and whether such fees are permissible as a matter of law.

---

[1] Nevertheless, National City submits that because this issue is likely to arise again, "McCalla Raymer welcomes this Court to rule on the issue."  (*See Brief of National City Mortgage Company in Response to the Debtor's Motion Objecting to Claim of National City Mortgage Company and Request for Accounting*, p. 9) (hereinafter "*National City Br.*").

Page 6
September 27, 2006

At oral argument, the Debtor's counsel described the problem presented in this case as an "industry-wide," recurring practice of filing claims by National City and similarly situated entities that contain impermissible fees as a matter of law. The Debtor's counsel noted that while he was "speculating," he surmises that he has "dozens" of other cases in his office where these fees have been sought. Nevertheless, neither the Debtor's counsel nor the Trustee provided the Court with any admissible evidence that unauthorized fees have been charged in other bankruptcy cases pending in this District.

## II.   Discussion

Within the purview of bankruptcy proceedings in federal court, "[t]he Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code . . . and shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." FED. R. BANKR. P. 1001. As such, federal courts maintain the inherent authority to regulate the practice of law in the federal arena. *Id.* "The federal courts must be able to exercise this inherent power and make determinations as to what is or is not the practice of law free from the licensing requirements of [state law]." *State Unauthorized Practice of Law Comm. v. Paul Mason & Assocs., Inc., et al.*, 46 F.3d 469, 472 (5th Cir. 1995) (hereinafter "*Paul Mason*") (citing *Paul Mason*, 159 B.R. 773, 780 (Bankr. N.D. Tex. 1993).

In analogizing the preemption of patent law over state licensing requirements to that of bankruptcy law, the court in *Paul Mason* stated that "[i]f state law were not preempted . . . the state would have a constitutionally impermissible power over federal licensing requirements." *Paul Mason*, 46 F.3d at 471. This would be in direct violation of the Supremacy Clause of the United States Constitution. U.S. CONST., art. VI, cl. 2. Due to proximity, knowledge and familiarity with cases, especially in the field of bankruptcy which is

Page 7
September 27, 2006

governed by federal statute, bankruptcy courts are in the unique position to regulate, monitor and determine what constitutes administrative versus legal action in their courtrooms. *Paul Mason*, 46 F.3d at 472.

Only certain persons or entities can file a proof of claim. Federal Rule of Bankruptcy Procedure 3001(b) provides that "[a] proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005." *Id*. In addition, 11 U.S.C. § 501 states:

> (a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.
>
> (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.
>
> (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

Moreover, Federal Rule of Bankruptcy Procedure 9010 governs the authority of persons or entities to act in bankruptcy proceedings, and states in whole:

> (a) Authority to act personally or by attorney. A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) *perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.*
>
> (b) Notice of appearance. An attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise

Page 8
September 27, 2006

> noted in the record.
>
> (c) Power of attorney. The authority of any agent, attorney in fact, or proxy to represent a creditor *for any purpose other than the execution and filing of a proof of claim* or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form. The execution of any such power of attorney shall be acknowledged before one of the officers enumerated in 28 U.S.C. § 459, § 953, Rule 9012, or a person authorized to administer oaths under the laws of the state where the oath is administered.

*Id.* (emphasis added).

It is clear that Federal Rule of Bankruptcy Procedure 9010 delineates Congress's intent to separate administrative and legal functions within the bankruptcy system. Specifically, it provides that an authorized agent may perform any act not constituting the practice of law. Relevant here, it requires a power of attorney only if the authorized agent is undertaking an action other than the execution and filing of a proof of claim. *See* FED. R. BANKR. P. 9010(c). Therefore, the Bankruptcy Rules specifically provide that administrative functions can be performed by persons other than attorneys in order "to secure the just, speedy, and inexpensive determination of every case and proceeding." FED. R. BANKR. P. 1001.

Every federal court which has considered whether filing a proof of claim or a request for service of notice, by an out-of-state lawyer or non-lawyer agent, constitutes the unauthorized practice of law has determined that these activities are permissible. In *Paul Mason*, the leading decision on this issue, creditor-clients hired an authorized agent to perform services "similar to those provided by a debt collection agency." *Paul Mason*, 159 B.R. at 774, *aff'd*, 46 F.3d at 469. The authorized agent filed proofs of claims in

Page 9
September 27, 2006

bankruptcy, monitored the status of the case, and even negotiated settlement on behalf of creditors within a pre-determined range for undisputed claims. On appeal, the court first noted that a "significant amount of activity in bankruptcy court is administrative" and then held that within this administrative context, the actions of the authorized agent did not constitute the practice of law. *Paul Mason*, 46 F.3d at 471-72 (*citing Paul Mason*, 159 B.R. at 780) (footnote omitted).

The Fifth Circuit Court of Appeals went on to specifically state that these particular activities "have long been recognized by the bankruptcy courts as administrative functions that can be performed by authorized nonlawyer agents without offending rule 9010(a)'s prohibition against the unauthorized practice of law." *Paul Mason*, 46 F.3d at 472 (citation omitted); *see In re Chas. A. Stevens & Co.*, 108 B.R. 191, 193 (Bankr. N.D. Ill. 1989) ("Nonlawyers, as agents of creditor-claimants, can prepare and file a proof of claim pursuant to Bankruptcy Rule 3001(b)."); *In re Michael J. O'Dell*, 251 B.R. 602, 609 (Bankr. N.D. Ala. 2000), *rev'd on other grounds, sub nom.*, *Greer v. O'Dell*, 268 B.R. 607 (Bankr. N.D. Ala. 2001), *aff'd* 305 F.3d 1297 (11th Cir. 2002) ("[T]he filing of a proof of claim is an administrative function that does not involve or invoke judicial considerations.").

This Court finds that the preparation and filing of a proof of claim is an administrative function that can be performed by an authorized agent. Here, McCalla Raymer is national counsel to National City. As such, McCalla Raymer's attorneys are admitted to practice in other jurisdictions. That said, it would prove illogical to permit non-lawyers to file proofs of claims in bankruptcy court and not permit attorneys, even if not admitted in this jurisdiction, to do the same. Therefore, this Court finds that McCalla Raymer did not engage in the

Page 10
September 27, 2006

unauthorized practice of law in filing a proof of claim in the instant bankruptcy proceeding. In a similar vein, while not challenged by the Debtor, the filing of a request for service by an authorized agent of a party-in-interest to a bankruptcy case or proceeding also does not constitute the unauthorized practice of law. *See, e.g.*, *In re Buck*, 219 B.R. 996, 1001 (Bankr. W.D. Tenn. 1998) (holding that "neither the federal nor local bankruptcy rules require a non-local attorney to seek *pro hac vice* admission merely for the purpose of filing a request to receive copies of pleadings and notices in a particular bankruptcy case"). Therefore, McCalla Raymer's filing of a request for service also does not constitute the unauthorized practice of law.

Troubling, however, are the other services McCalla Raymer provides to its clients once retained in a particularly bankruptcy case, which include: review of loan documentation and other financial information provided by the client; review of any plan and schedules filed by the debtor; communication with debtor's counsel to determine the status of loans as well as the debtor's financial status to evaluate and determine the availability of "loss mitigation" options for the debtor; "regular" communication with debtor's counsel with respect to the pending bankruptcy case; and general monitoring of the case status during its pendency. (*See National City Br.*, pg. 6).[2] Nevertheless, the consequence of these activities, some of which may fall between purely administrative acts and legal services, and whether they constitute the unauthorized practice of law, need not be decided by the Court at this time since the issue has been rendered moot as a result of National City's Amended Claim, which withdraws the demand for payment of the $350.00 attorney fee.

---

[2] Significantly, if McCalla Raymer or any other creditor representative files a pleading seeking substantive relief, or responds to such a pleading, at that point it would be necessary for the non-local attorney to seek *pro hac vice* admission or to obtain local counsel. *See* D.N.J. LBR 2090-1(b).

Page 11
September 27, 2006

It is fundamental that a federal court may exercise jurisdiction only where there is an actual case or controversy to be decided. *1st Westco Corp. v. Sch. Dist. of Philadelphia*, 6 F.3d 108, 112-13 (3d Cir. 1993) (citing *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)). "A 'controversy' must be one that is appropriate for judicial determination." *McDow v. We the People Forms & Serv. Ctrs., Inc. (In re Douglas)*, 304 B.R. 223, 233 (Bankr. Md. 2003) (citation omitted). "A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character. . . ." *Id.* (citation omitted). "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* (citing *S. Spring Gold Co. v. Amador Gold Co.*, 145 U.S. 300, 301 (1892); *Fairchild v. Hughes*, 258 U.S. 126, 129 (1922)) (other citation omitted). There must be "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (citations omitted).

As to the requirement of an actual case or controversy, the question in each case is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *1st Westco Corp.*, 6 F.3d at 113 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "When a case or controversy ceases to exist between two parties, the case is rendered moot." *McAllister v. Attorney Gen. of the United States*, 444 F.3d 178, 184 (3d Cir. 2006) (citations omitted). "Federal courts are not empowered to decide moot questions." *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *N.C. v. Rice*, 404 U.S. 244, 246 (1971)). Finally, "[t]he mootness doctrine requires that an actual controversy exist at all stages of review. . . ." *Id.* (citing *N.J. Turnpike Auth. v. Jersey Cent. Power*

Page 12
September 27, 2006

*& Light*, 772 F.2d 25, 31 (3d Cir. 1985)); s*ee also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted) (noting that throughout the course of federal proceedings the parties must continue to have a personal stake in the outcome of the lawsuit).

Given the record before the Court, and in particular noting that the $350.00 fee is not requested in the Amended Claim, the previous concern of the Debtor in this case has been rendered moot. That is, whether providing post-petition services by an entity not licensed to practice law in the State of New Jersey to a creditor who demands payment for those services from the Debtor constitutes the unauthorized practice of law in the state of New Jersey is not in controversy before this Court. The harm to the Debtor, namely, incurring unauthorized additional fees, is no longer immediate and substantial for this Court to adjudicate. Consequently, the Debtor's motion in this regard is denied.

The Court will grant the Debtor's motion requesting that National City, to the extent it has not already done so, provide the Debtor with a detailed, itemized accounting of all charges assessed against the Debtor by National City in this bankruptcy case. The fact that National City has already filed two amended proofs of claim, each resulting in a reduction in assessed fees, causes the Court to be concerned. National City is hereby directed to file within twenty (20) days of the date of the Order accompanying this Opinion an accounting of all charges, fees, and costs assessed against the Debtor.

### III.  Conclusion

Based upon the foregoing, the Debtor's motion is denied insofar as it requests a ruling from the Court that filing of a proof of claim or a request for service by McCalla Raymer constitutes the unauthorized practice

Page 13
September 27, 2006

of law in the State of New Jersey. The dispute as to whether McCalla Raymer's post-petition services and demand for payment constitute the unauthorized practice of law is moot and this Court abstains from decision on that issue. However, the Debtor's motion seeking an accounting from National City is hereby granted, and National City shall file and provide the Debtor within twenty (20) days of the date of this Order an accounting of all charges, fees, and costs assessed against the Debtor.

Finally, it must be noted that the Court is extremely sensitive to the substantive issue raised by the Debtor's counsel and the Chapter 13 Trustee with respect to the alleged practice of mortgagees in this District. The Court makes no finding that its occurrence may, in fact, be an "industry-wide" practice as the Debtor's counsel and the Chapter 13 Trustee allege. The Court cannot act on anecdotal evidence of such practice in other cases. If the practice does exist, counsel or the Chapter 13 Trustee are invited to present the issue in a justiciable controversy. If the issue arises in the future, the simple remedy of amending the claim and withdrawing the attorney fee demand because it is challenged will not be sufficient to moot the issue.

An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

Very truly yours,

/s/ Donald H. Steckroth

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure